1                                                                                              JS-6

2

3

4

5

6

7

8

9
                                    UNITED STATES DISTRICT COURT
10
                                   CENTRAL DISTRICT OF CALIFORNIA
11

12   SREAM, INC., a California corporation,          )   CASE NO.  CV 16-840-R
                                                     )
13                          Plaintiff,               )   ORDER GRANTING PLAINTIFF'S
                                                     )   MOTION FOR DEFAULT JUDGMENT
14         v.                                        )   AND INJUNCTIVE RELIEF
                                                     )
15                                                   )
     WAGIH E. ELGAWLY; and DOES 1 TO 10              )
16                                                   )
                            Defendants.              )
17                                                   )
                                                     )
18                                                   )
                                                     )
19                                                   )
                                                     )
20                                                   )
                                                     )
21   _____        )

22         Before the Court is Plaintiff's Motion for Default Judgment against Defendant Wagih E.

23   Elgawly ("Defendant"), which was filed on August 16, 2016.  This Court took the matter under

24   submission on September 14, 2016.

25         A court has the discretion to enter a default judgment against one who is not an

26   unrepresented infant or other incompetent person where the claim is for an amount that is not

27   certain on its face and where (a) the defendant has been served with the claim; (b) the defendant's

28   default has been entered for failure to appear; (c) if the defendant has appeared in the action, the

     defendant has been served with written notice of the application at least three days before the

1    hearing on the application; (d) the court has undertaken any necessary or proper investigation or

2    hearing in order to enter judgment or carry it into effect; and (e) Plaintiff has filed a written

3    affidavit addressing the current military status of the defendant.  Fed. R. Civ. P. 55(b)(2); *Alan*

4    *Neuman Productions v. Albright,* 862 F.2d 1388, 1392 (9th Cir. 1988).

5           While the power to grant or deny relief upon an application for default judgment is within

6    the Court's sound discretion, a plaintiff is required to state a claim upon which he may recover in

7    order to grant the motion for a default judgment.  *Sony Music Entertainment v. Elias,* 2004 WL

8    141959 (C.D. Cal. Jan. 20, 2004); *Pepsico, Inc. v. Cal. Sec. Cans,* 238 F. Supp. 2d 1172, 1175

9    (C.D. Cal. 2002).  Upon default, the well-pleaded allegations of the complaint relating to liability

10   are taken as true.  *TeleVideo Systems, Inc. v. Heidenthal,* 826 F.2d 915, 917 (9th Cir. 1987).  On

11   the other hand, a defendant is not held to admit facts that are not well-pleaded or to admit

12   conclusions of law.  *Wecosign, Inc. v. IFG Holdings, Inc*., 845 F. Supp. 2d 1072 (C.D. Cal. 2012).

13          In *Eitel v. McCool*, the Ninth Circuit articulated the following factors for courts to consider

14   in determining whether default judgment should be granted: (1) the sufficiency of the complaint;

15   (2) the possibility of prejudice to plaintiff if relief is denied; (3) the possibility of dispute as to any

16   material facts in the case; (4) whether default resulted from excusable neglect; (5) the strong

17   policy of the Federal Rules of Civil Procedure favoring decisions on the merits; and (6) the

18   amount of money at stake.  782 F.2d 1470 (9th Cir. 1986).

19          After reviewing the complaint, default judgment, and application for default judgment, it

20   appears Plaintiff has met the *Eitel* factors.  Plaintiff brings several claims against Defendant under

21   the Lanham Act including Trademark Infringement, Trademark Counterfeiting, and False

22   Designation of Origin.  15 U.S.C. §§ 1114, 1117, 1125.  To prevail on these claims, Plaintiff must

23   establish that (1) Plaintiff owns a valid, legally protectable trademark and (2) Defendants have

24   used the trademark or a mark similar to the trademark without Plaintiff's consent in a manner that

25   is likely to cause confusion among ordinary consumers.  15 U.S.C. 1114(1).

26          The allegations of Plaintiff's Complaint, taken as true, are sufficient to state a claim for

27   Trademark Infringement, Counterfeiting, and False Designation of Origin.  Plaintiff alleges that

28   they own the exclusive license to the federal trademark on the word mark "RooR" as used on

1   specified categories of products.  Plaintiff alleges the specific unauthorized use and sale of goods

2   bearing logos which are indistinguishable from Plaintiff's registered marks which is highly likely

3   to cause confusion.  Thus, the Complaint alleges sufficient support for the claims raised therein.

4        The possibility of prejudice to Plaintiff if relief is denied is likewise met.  Defendant was

5   served with the Summons, Complaint, and Default Judgment.  Defendant did not appear in this

6   action, did not respond to the complaint, and had a clerk's default entered against them on June 30,

7   2016.  Plaintiff has taken the appropriate steps to resolve this matter.  Defendant has failed to

8   make any appearance thereby leaving the Plaintiff without remedy absent the entry of  default

9   judgment.

10       The next factor considers the possibility that material facts are disputed.  *Vogel v. Rite Aid*

11  *Corp.*, 992 F. Supp. 2d 998, 1012 (C.D. Cal. 2014).  Plaintiff's Complaint contains exhibits of the

12  allegedly infringing goods sold by Defendant which contain a logo that is indistinguishable from

13  Plaintiff's trademarked "RooR" marks.  Plaintiff alleges they never authorized nor consented to

14  Defendants' use and infringement of Plaintiff's marks for any purpose.  Defendant has failed to

15  comply and appear in this matter, and has therefore admitted all material facts alleged in Plaintiff's

16  pleading.  Since Plaintiff's factual allegations are presumed true and Defendant has failed to

17  oppose the motion, there is no possibility of a dispute as to a material fact which would preclude

18  the entry of default judgment.  This factor, therefore, favors the entry of default judgment against

19  Defendant.

20       The fourth factor favors default judgment when the defendant has been properly served or

21  the plaintiff demonstrates that the defendant is aware of the lawsuit.  *Wecosign, Inc. v. IFG*

22  *Holdings, Inc.*, 845 F. Supp. 2d 1072, 1082 (C.D. Cal. 2012).  There is no indication that

23  Defendant allowed the default to be taken as the result of excusable neglect.  The record indicates

24  that Defendant had adequate notice of this matter — Defendant was properly served with the

25  summons and complaint, the application for clerk to enter default, and the instant motion for

26  default judgment.  Furthermore, Plaintiff's counsel states in his declaration that the parties

27  engaged in settlement discussions regarding the matter prior to the filing of the case.  Therefore, at

28  minimum, Defendant was aware of the alleged violations.  The Court finds it reasonable to infer

3

1    that Defendant's default was not the product of excusable neglect.  Accordingly, this factor weighs

2    in favor of the entry of default judgment.

3         Although cases should be decided upon their merits whenever reasonably possible, Rule

4    55(a) allows a court to decide a case before the merits are heard if defendant fails to appear and

5    defend.  *Wecosign, Inc*., 845 F. Supp. 2d at 1083.  Notwithstanding the strong policy presumption

6    in favor of a decision on the merits, Defendant's failure to respond to this matter in any way

7    makes a decision on the merits impractical.  Since Defendants failed to appear and defend, this

8    factor weighs in favor of the entry of default judgment.

9         The final *Eitel* factor examines the amount of money at stake in relation to the seriousness

10   of a defendant's conduct.  *Wecosign, Inc.*, 845 F. Supp. 2d at 1082.  Default judgment is

11   disfavored when a large amount of money is involved and is unreasonable in light of the potential

12   loss caused by the defendant's actions.  *Vogel v. Rite Aid Corp*., 992 F. Supp. 2d 998, 1012 (C.D.

13   Cal. 2014).  Plaintiff seeks a judgment in the sum of $300,000 plus costs of this action and

14   attorney's fees.  Trademark infringement awards can range into the millions of dollars.  see

15   *Wecosign*, 845 F. Supp. 2d at 1082 (entering default judgment when plaintiff requested

16   $1,023,157.27 in damages).

17        Plaintiff has requested a permanent injunction against Defendant preventing future use of

18   the "RooR" mark.  District courts have the power to grant injunctions under the Lanham Act "to

19   prevent the violation of any right of the trademark owner."  15 U.S.C. § 1116(a).  An injunction is

20   appropriate where the plaintiff shows (likelihood of success on the merits, (2) irreparable injury

21   absent injunctive relief, (3) a balance of hardships favors the plaintiff, and (4) an injunction would

22   advance the public interest.  *Wecosign*, 845 F. Supp. 2d at 1084.  Plaintiff has alleged sufficient

23   facts to warrant an injunction.  As discussed above, Plaintiff has sufficiently alleged facts to

24   support a likelihood of success on the merits and will suffer irreparable harm unless Defendant

25   ceases to sell the infringing products.  Additionally, the only hardship Defendant will suffer from

26   an injunction would be the inability to sell products infringing on Plaintiff's trademark.  Finally

27   the public will benefit from the end of confusion between genuine and counterfeit products.

28        If the use of a counterfeit mark is determined to be willful, a court may award statutory

damages "not more than $2,000,000 per counterfeit mark per type of good or service sold." 15 U.S.C. §1117(b). Considering the indistinguishable nature of the marks on the products sold by Defendant, the respect for the "RooR" marks in the industry, and Defendant's failure to appear in this action, the counterfeit was willful. However, the evidence only shows that the Defendant sold one water pipe containing the "RooR" mark. While Defendant may continue to sell more, Plaintiff admits it likely will not amount to "millions of counterfeit products." This seems accurate. Furthermore considering that Defendant sells its RooR products at a price of approximately three hundred dollars and the lack of information regarding the amount of sales or scale of Defendant's infringing actions. As such, the Court awards Plaintiff damages in the amount of $50,000.01.

With regard to attorney's fees, Local Rule 55-3 provides that recovery of reasonable attorneys' fees are to be calculated pursuant to the schedule set forth in the rule. For a judgment of $50,000.01 to $100,000, a court is to award attorneys' fees of $3,600 plus 4% of the amount over $50,000, exclusive of costs. *See* Local Rule 55-3; *Vogel*, 992 F. Supp. 2d at 1016 (applying Rule 55-3 schedule to award fees in a default judgment context). Based on an entry of a $50,000.01 judgment, the Court enters an award of $3,600 in attorney's fees under Rule 55-3, in addition to $700.00 in costs for the filing fees.

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Default Judgment is GRANTED in the amount of $50,000.01, attorney's fees in the amount of $3,600.00 and $700.00 for costs.

**IT IS FURTHER HEREBY ORDERED** that Defendant, his agents, employees, officers, directors, owners, representatives, successor companies, related companies, and all persons acting in concern or participation with him are permanently restrained and enjoined from infringing upon the "RooR" marks directly or contributorily, in any manner, including but not limited to:

(a) import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit RooR product identified in the complaint and any other unauthorized RooR product, counterfeit, copy or colorful imitation thereof;

5

1        (b) Assisting, aiding or attempting to assist or aid any other person or entity in performing

2    any of the prohibited activities referred to in Paragraphs (a) above.

3

4    Dated: September 14, 2015.

5

6

7

8    _____
                     MANUEL L. REAL

9              UNITED STATES DISTRICT JUDGE

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28